**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **3:01-CR-273-M(01)** |
| | ) | |
| **THOMAS COLE THOMPSON,** | ) | |
|      **Defendant/Movant.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court filed on July 7, 2009, Movant's motion to compel compliance with the plea agreement, filed on June 26, 2009, has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

<u>Type Case</u>:  This is a *pro se* post-judgment criminal motion to compel compliance with the plea agreement.

<u>Parties</u>:  Movant is presently confined at FCI Three Rivers in Three Rivers, Texas.

<u>Statement of the Case</u>:   On August 22, 2001, Movant was named in a thirteen-count indictment in the above captioned case. Counts 1, 3, 5, and 7 charged Movant with Robbery in violation of 18 U.S.C. § 1951(a). Counts 2, 4, 6, 8, 10, and 12 charged Movant with Use and Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1). Counts 9 and 11 charged Movant with Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d), and count 13 charged Movant with Bank Robbery in violation of 18 U.S.C. § 2113(a).

On June 6, 2002, pursuant to a plea agreement, Movant pled guilty to the first two

robbery counts (Counts 1 and 3), and the first two firearm counts (Counts 2 and 4). On September 13, 2002, the District Court sentenced Movant to thirty-three months imprisonment on Counts 1 and 3 to run concurrently, followed by mandatory consecutive terms of seven and twenty-five years on Counts 2 and 4. The Court dismissed the remaining counts on the government's motion. Although Movant appealed, his appeal was later withdrawn based on his motion.

Movant has unsuccessfully filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). *See United States v. Thompson*, 3:01cr273-M, 3:03cv1957-M (N.D. Tex., Dallas Div., Dec. 5, 2003), *COA denied*, No. 04-10146 (5th Cir. Aug. 18, 2004); *United States v. Thompson*, 3:01cr273-M, 3:05cv0530-M (N.D. Tex., Dallas Div., Mar. 14, 2005), COA denied, No. 05-10579 (5th Cir. Jun. 18, 2007). The court dismissed the latter motion without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

In the present motion, Movant seeks to compel compliance with "the original plea agreement" dated February 1, 2002, not the second agreement signed and filed on June 6, 2002. (*See* Motion to compel at 1).

Findings and Conclusions: Movant's motion to compel is yet another attempt to attack the validity of his federal conviction and, hence, the legality of the sentence that he is currently serving. This can be done only in a motion under 28 U.S.C. § 2255. The Fifth Circuit Court of Appeals has long held that § 2255 "provides the primary means of collateral attack on a federal sentence." *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990); *see also*

*Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Liberally construing Movant's pleadings as a § 2255 motion, the same should be dismissed for want of jurisdiction because Movant has not received prior authorization from the Fifth Circuit to file a successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A) (providing that a second or successive motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court). *See also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)*; In re Epps*, 127 F.3d 364 (5th Cir. 1997); *In re Tolliver*, 97 F.3d 89, 90 (5th Cir. 1996). Such a dismissal, however, is without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit).

RECOMMENDATION:

For the foregoing reasons it is recommended that the motion to compel (Doc. # 122), construed as a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, be dismissed without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

It is further recommended that the Clerk be directed to open for statistical purposes, a new civil action (nature of suit 510, motion to vacate, set aside, or correct sentence, directly assigned to District Judge Barbara M.G. Lynn and Magistrate Judge Sanderson) and to close the

same on the basis of the District Court's order.

The clerk will transmit a copy of this recommendation to Movant Thomas Cole Thompson.

Signed this 7th day of July, 2009.

                                              WM. F. SANDERSON, JR.
                                              UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.